# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAYVID JIMENEZ, | ) | 3:24-CV-00260 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW SCOTT DAVIS, | ) | |
| *Defendant*. | ) | April 12, 2024 |

## INITIAL REVIEW ORDER

*Pro se* plaintiff Dayvid Jimenez, who is in the custody of Immigration and Customs Enforcement ("ICE") and currently detained in the Buffalo Federal Detention Facility in Batavia, New York, filed this action pursuant to 42 U.S.C. § 1983.  He names one defendant, Matthew Scott Davis, a public defender who represented Plaintiff in his state criminal action after his arrest on September 21, 2017.[1]  He brings claims under the Sixth, Eighth and Fourteenth Amendments in connection with his criminal conviction in Connecticut state court that later led to an order of deportation.  Plaintiff sues Defendant in his individual and official capacities and seeks damages and declaratory relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Information on the Connecticut Judicial website for case detail K10K-CR17-0160665-T shows Plaintiff was arrested on September 21, 2017, on charges of strangulation; he pleaded guilty on March 6, 2018, and was sentenced to three years of incarceration, execution suspended, and three years of probation; and later, he pleaded guilty to violation of his probation on September 16, 2020.  *See* https://www.jud2.ct.gov/crdockets/CaseDetail for K10K-CR17-0160665-T under criminal convictions (last visited April 12, 2024).  The Court may take judicial notice of matters of public record.  *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

§§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2]  Based on this initial review, the Court orders as follows.

## I.  FACTUAL BACKGROUND

The Court does not include herein all of the allegations from the complaint but summarizes only those facts necessary to provide context for initial review.

Plaintiff was represented by Defendant for his state criminal charges for strangulation arising from a domestic incident with his girlfriend.  On January 18, 2018, when the two spoke about the incident and Plaintiff indicated he was defending himself, he alleges that Defendant advised him that a defense of self-defense was not available in Connecticut.  Compl., ECF No. 1 ¶ 12.  On February 20, 2018, Defendant told Plaintiff about a plea offer, indicated it was a good offer, and, when Plaintiff asked about potential impact on his immigration status, stated that "[i]mmigration won't be a problem" because the offer did not involve jail time.  *Id.* ¶ 14.

On March 6, 2018, Defendant advised Plaintiff to plead guilty.  *Id.* ¶ 16.  Plaintiff inquired whether pleading guilty would have an impact on his "Green Card" (Permanent Resident Card). *Id.*  Defendant indicated that he was not familiar with Green Cards. *Id.*  After Plaintiff explained that he was a legal Permanent Resident of the United States, Defendant stated: "Don't worry,

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

having a Green Card is as equal to being a citizen.  You need three strikes (as in three felonies) and you're out."  *Id.*

Plaintiff relied on Defendant's advice and pleaded guilty on March 6, 2018.  *Id.* ¶ 18. Thereafter, the Superior Court judge stated "that conviction of certain offenses can have consequences of deportation or removal."  *Id.* ¶ 19.  Defendant remained silent and failed to make the judge or the State's Attorney aware of Plaintiff's immigration status.  *Id.* ¶ 21.  When the Superior Court judge queried whether there was any reason why the court should not accept the plea, Defendant stated:  "Defense knows of none."  *Id.*

Four years and two months later—May 3, 2022—Plaintiff was pulled over by a police officer for a traffic violation.  *Id.* ¶ 23.  After Plaintiff provided his information, the police officer arrested him for a United States Department of Homeland Security ("DHS") Administrative Warrant.  *Id.*  Plaintiff had no previous knowledge that he was subject to a DHS Administrative Warrant.  *Id.*  Thereafter, Plaintiff discovered that he was subject to mandatory deportation under the Immigration and Nationality Act due to his state conviction for a crime of violence with a sentence of at least a one-year term of incarceration.  *Id.* ¶ 24.  Since May 3, 2022, Plaintiff has been detained at the Buffalo Federal Detention center and is still under removal proceedings.  *Id.* ¶ 32.

## II.    DISCUSSION

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert,* 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983).  Accordingly, a plaintiff must show a violation of a federally protected constitutional or statutory right which was the result of state action, or action "under color of law." *See Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994).

Relevant to his claims of violations of the Sixth and Fourteenth Amendments, Plaintiff asserts Defendant provided ineffective assistance of counsel when he failed to inquire about the immigration consequences resulting from his guilty plea, provided "wrong" information about the Connecticut General Statutes, ignored the alleged victim's statement that she pressed no charges, and failed to advise him about trial or his ability to appeal.  Relevant to his claim of an Eighth Amendment violation, Plaintiff asserts that his detention resulting from Defendant's misconduct causes him pain, suffering and emotional distress.

The Court recognizes that counsel must inform a client whether a plea carries a risk of deportation in order to satisfy the Sixth Amendment guarantee of effective assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 360 (2010).   However, Plaintiff cannot proceed on any cognizable claims for constitutional violation under 42 U.S.C. § 1983 against Defendant, who is not considered a state actor under the law.

It is well established that a court-appointed attorney performing a lawyer's traditional function as counsel in representing a party is not considered a state actor under section 1983.  *See Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) (summary order), *cert. denied*, 141 S. Ct. 434 (2020); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *Barfield v. Milling*, No. 3:14-CV-914 (VAB), 2015 WL 1737671, at *4 (D. Conn. Apr. 16, 2015) (collecting cases). Likewise, an attorney who serves as a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also West v. Atkins*, 487 U.S. 42, 50 (1988) (citing *Polk County*, 454 U.S. at 321–22, and recognizing that "[w]hile performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his 'professional independence,' which the State is constitutionally obliged to respect").

4

Accordingly, Plaintiff cannot state a cognizable claim under section 1983 against Defendant, who was not a state actor for purposes of Plaintiff's section 1983 claim.

Although a public defender, like a private attorney, would not generally be liable under section 1983, the Court considers whether Plaintiff's allegations establish that this general rule should not apply, and that Defendant's actions should be attributable to the state.  *See United States v. International Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'");  *see also Polk Cnty.*, 454 U.S. at 325 (noting that a public defender sometimes acts under color of law when "making hiring and firing decisions on behalf of the State," and "may" act under color of state law "while performing certain administrative and possibly investigative functions").

To show that the actions of a private party may be attributable to the state, thereby making the private party subject to liability under section 1983, the plaintiff must show:  "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State."  *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)).  "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state."  *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Here, Plaintiff has not alleged any facts to suggest Defendant engaged in conduct that could be considered fairly attributable to the state.  No allegation suggests that Defendant was compelled

5

by the State to take the actions of which Plaintiff complains, that there was a sufficiently close nexus between the State and conduct by Defendant; or that the conduct consisted of activity that has traditionally been the exclusive prerogative of the State.  *See Hogan*, 346 F. App'x at 629.[3] As recognized in *Polk County*, a public defender performing "traditional functions as counsel"— regardless of any employment relationship with the State—"characteristically opposes" the State, as his or her greater obligation is to the client.  *See Polk Cnty.*, 454 U.S. at 318, 321, 325; *see also Barfield*, 2015 WL 1737671 at *5 (noting that State's funding of legal assistance program "is insufficient in and of itself to establish state action" of private attorneys) (citation omitted).  Here, Plaintiff has only alleged that Defendant performed "traditional functions as counsel" in his representation of Plaintiff, regardless of any alleged constitutional deficiencies in that performance.  *See Polk Cnty.*, 454 U.S. at 325; *see also Kaminski*, 796 F. App'x at 39 ("Because [plaintiff] offered no allegation that [court-appointed attorney] performed duties outside the traditional counsel's role, or that [State] controlled or supervised [attorney], [plaintiff] failed to allege that [attorney] was a state actor.").  Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 against Defendant are dismissed as not cognizable.[4]

---

[3] Likewise, Plaintiff has not alleged facts to suggest that his counsel engaged in a conspiracy with state actors sufficient to support a claim that Defendant was a state actor for purposes of a section 1983 claim.  *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) (allegations of conspiracy can be neither vague nor conclusory, but must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.") (citation omitted).  *See also Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021) (noting that the court cannot "speculate about unpleaded facts that might be favorable to the plaintiff").

[4] In addition, Plaintiff's Sixth and Fourteenth Amendment claims challenging the validity of his state conviction are barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  "This is because 'Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983.'" *Austin v. Cuomo*, No. 1:20-CV-00893, 2020 WL 7352664, at *5 (W.D.N.Y. Dec. 15, 2020) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

Plaintiff is not, however, without remedies. Under 28 U.S.C. § 1252, Plaintiff may be able to obtain review of his order of deportation from the U.S. Court of Appeals for the Second Circuit, though a district court lacks jurisdiction to review a final order of deportation. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) (explaining jurisdiction over substantive challenges to final deportation, exclusion, and removal orders resides with the circuit courts).

Plaintiff may also be able to seek relief from a federal district court for any unconstitutional conditions of confinement at the detention center by proceeding with petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3) (providing for habeas corpus review to persons "in custody in violation of the Constitution or laws or treaties of the United States"). Any such challenge must be directed to the federal district court in which his place of confinement is located. *See Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) (recognizing that the "Supreme Court has made clear that '[w]henever a [28 U.S.C.] § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement,'" under what is known as the "immediate-custodian rule") (alterations in original) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).

And, although the record indicates that Plaintiff is not presently in state custody for his criminal conviction in Connecticut superior court case, K10K-CR17-0160665-T, the Court notes that a sentenced state prisoner may seek habeas relief from his custody in violation of federal law under 28 U.S.C. § 2254, though only after exhausting his opportunities to seek relief from the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment

of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State").

Accordingly, Plaintiff may wish to consider whether to pursue his remedies under the aforementioned federal statutes. Any such actions would need to be filed as new cases in the appropriate fora as, in this action, amendment of the complaint alleging a section 1983 claim against Defendant would be futile. *See Kaminski*, 796 F. App'x at 39–40 (recognizing that amendment of complaint was futile in part because court-appointed attorney was "not a state actor," and therefore upholding district court's decision to dismiss without leave to amend).

## ORDERS

Based on the foregoing, the Court DISMISSES this action for failure to state a plausible claim under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 12th day of April, 2024.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE